### STATE BAR OF TEXAS

v.

### UNITED STATES of America.

### Civ. A. No. CA 3–81–0536–C.

United States District Court,
N.D. Texas,
Dallas Division.

March 23, 1983.

Ronald M. Mankoff; H. Campbell Zachry, Durant, Mankoff, Davis, Wolens & Francis, Dallas, Tex., Jim Mattox, Atty. Gen. of Texas, Jerry L. Zunker, Gen. Counsel, State Bar of Texas, Austin, Tex., Thomas J. Brorby, Houston, Tex., for plaintiff.

William W. Guild, Atty.-in-Charge, Louise P. Hytken, Tax Div., Dept. of Justice, James A. Rolfe, U.S. Atty., Martha Joe Stroud, Asst. U.S. Atty., Dallas, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Section 3301 of the Internal Revenue Code of 1954, 26 U.S.C. § 3301 imposes an excise tax on employers based on the wages paid to the individuals in service of the employer.

26 U.S.C. § 3306(c) defines employment for the purposes of § 3301 and makes numerous exceptions to taxability including paragraph (7) which reads:

(7) service performed in the employ of a State, or any political subdivision thereof, or any instrumentality of any one or more of the foregoing which is wholly owned by one or more States or political subdivisions; and any service performed in the employ of any instrumentality of one or more States or political subdivisions to the extent that the instrumentality is, with respect to such service, immune under the Constitution of the United States from the tax imposed by section 3301;

The Supreme Court set out the test for whether a state may or may not be taxed by the Federal government in the case of *South Carolina v. U.S.,* 199 U.S. 437, 26 S.Ct. 110, 50 L.Ed. 261 (1905). The Court's opinion in the penultimate paragraph found on page 463, 26 S.Ct. at page 117 specifies:

"It is reasonable to hold that while the [Federal Government] may do nothing by taxation in any form to prevent the full discharge by [a state] of its governmental functions, yet whenever a state engages in a business which is of a private nature that business is not withdrawn from the taxing power of the Nation."

The continuing efficacy of this distinction is shown by recent Supreme Court cases in the area of Federal regulation of the commercial activities of the States such as *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978), *Community Communications Co. v. City of Boulder,* 455 U.S. 40, 102 S.Ct. 835, 70 L.Ed.2d 810 (1980), *United Transportation Union v. Long Island Railroad Co.,* 455 U.S. 678, 102 S.Ct. 1349, 71 L.Ed.2d 547 (1982) and *Jefferson County Pharmaceutical Assn., Inc. v. Abbott Laboratories,* —— U.S. ——, 103 S.Ct. 1011, 74 L.Ed.2d 882 (1983).

In the present Civil Action the Plaintiff contends that it need not pay the tax imposed by 26 U.S.C. § 3301 and is therefore entitled to a refund of $204 for unemployment taxes (26 U.S.C. § 3301 et seq. comprise the Federal Unemployment Tax Act) paid for 1979. The Defendant disagrees and has claimed for the sum of $91,325.98 plus interest for taxes assessed and unpaid for the years 1978 to 1980.

Plaintiff's principal contention is that it is either part of the State of Texas, or a political subdivision of the State of Texas or an instrumentality of either the State of Texas or one of its political subdivisions and that the services performed by its employees are such that Plaintiff is immune under the Federal Constitution from this tax.

Defendant contends in turn that Plaintiff is a professional organization akin to a business league as defined in Treasury Regulation Sec. 1.501(c)(6)–1 as

A business league is an association of persons having some common business interest, the purpose of which is to promote such common interest and not to engage in a regular business of a kind ordinarily carried on for profit. It is an organization of the same general class as a chamber of commerce or board of trade. Thus, its activities should be directed to the improvement of business conditions of one or more lines of businesses as distinguished from the performance of particular services for individual persons.

and therefore not a governmental entity.

Plaintiff is defined by the State Bar Act of the State of Texas, Vernon's Ann.Civ.St. art. 320a–1. This Act was amended in toto effective June 11, 1979. But for our purposes this is a distinction without a difference.

The old State Bar Act specified in Sec. 2, Subdivision (a):

There is hereby created the State Bar, which is hereby constituted an administrative agency of the Judicial Department of the state, with power to contract with relation to its own affairs and which may sue and be sued and have such other powers as are reasonably necessary to carry out the purposes of this Act.

The new State Bar Act has a comparable provision in Section 2 which reads:

The State Bar of Texas established under the laws of this state is continued as a public corporation and an administrative agency of the judicial department of government. It is designated as the State Bar. This legislation is in aid of the judicial department's powers under the constitution to regulate the practice of law and not to the exclusion of those powers. The Supreme Court of Texas, on behalf of the judicial department, shall exercise administrative control over the State Bar under this Act.

It is clear from these provisions that Plaintiff is an administrative agency of the judicial branch of the government of the State of Texas.

The Parties have presented this as an all or nothing case. Either taxes are owed on all services performed by Plaintiff's employees or taxes are not owed on any service performed by any of Plaintiff's employees.

Plaintiff wants to analogize itself to a religious, charitable, educational organization exempted from income taxes in 26 U.S.C. § 501(c)(3) as such entities have an exemption from Federal unemployment taxes due to an exemption granted by 26 U.S.C. § 3306(c)(8). Plaintiff partially relies on *Kentucky Bar Foundation, Inc. v. Commissioner,* 78 T.C. 65 (1982) in which that Plaintiff was found to be exempt under 26 U.S.C. § 501(c)(3) even though some of its activities were alleged to be non-exempt. The Internal Revenue Service has chosen not to appeal that decision of the Tax Court.

Defendant wants to analogize Plaintiff's position to that of a Section 501(c)(3) entity because of a line of cases disallowing an exemption from income taxation under Section 501(c)(3) because of a single substantial non-exempted purpose. Defendant has cited *Better Business Bureau v. United States,* 326 U.S. 279, 66 S.Ct. 112, 90 L.Ed. 67 (1945) and *Bethel Conservative Mennonite Church v. Commissioner,* 80 T.C. no. 11 (February 7, 1983).

The exemption in Section 501(c)(3) is stated to be:

Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in

(including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

Besides State and local governments and instrumentalities thereof being apples and corporations, community chests, funds and foundations organized and operated for those purposes states being oranges, § 501(c)(3) says "exclusively." This is a far different test from the test announced by the Supreme Court in *South Carolina v. United States,* above. Congress can treat private organizations much differently from governmental entities. The states, their political subdivisions and the instrumentalities of both are protected by their sovereignty from encroachment by the Federal Government upon their core interests as recognized in the Tenth Amendment to the Constitution. The States are granted exemption from taxation because of their partial sovereignty, not as a matter of legislative grace as the Section 501(c)(3) entities are exempted.

Plaintiff is what is known as an integrated bar. In some states, there are wholly private, general associations of lawyers that are separate from the state agencies that license, oversee and discipline the lawyers of the respective states. This was the situation in Texas in 1939 when the State Bar was enacted. There was in existence at that time the Texas Bar Association. That association was "integrated" into Texas administrative agency, Plaintiff.

Defendant has brought forth evidence comparing Plaintiff to the Texas Medical Association and the Texas Society of Certified Public Accountants, two private business leagues. Plaintiff does carry out activities that are the same or similar to those of these private associations. Some of the purposes of Plaintiff are also the same or similar as the purposes of those organizations. But Defendant has recognized that there is a difference when it comes to Plaintiff.

In a letter to the Court, dated March 1, 1983, Counsel for Defendant said:

The hybrid nature of the State Bar, as demonstrated by activities which do serve a governmental function such as its disciplinary activities and activities which do not serve such function, make this a complex case.

The Defendant is, essentially, agreeing that part of what Plaintiff does is governmental in nature. As is apparent from *South Carolina v. U.S.,* above, the services of those employees of Plaintiff who are engaged in a governmental function are exempt from taxation under 26 U.S.C. § 3306(c)(7).

This letter from Defendant's Counsel and a similar one from Plaintiff's Counsel were in response to a letter from this Court inviting the Parties to submit briefs concerning the possibility that some service by Plaintiff's employees might be exempt under the Federal Unemployment Tax Act and other service might give rise to taxation. Both letters apprised the Court that the Parties agreed to treat Plaintiff's tax status on an entity basis.

As it is clear that at least some of the service of Plaintiff's employees is exempt from taxation because of Constitutional immunity, the Court will treat all such service as exempt. If the exemption in 26 U.S.C. § 3306(c)(7) were a matter of legislative grace, the outcome of this case might be far different. But that exemption is really a Constitutional immunity. In light of this and Defendant's willingness to treat Plaintiff's tax liability on an entity basis, the Court will assume that Defendant is waiving any taxes that might be assessable and collectible as an administrative convenience. In connection with this the Court will note that Congress has provided in 26 U.S.C. § 3306(d) that:

Included and excluded service.—For purposes of this chapter, if the services performed during one-half or more of any pay period by an employee for the person employing him constitute employment, all the services of such employee for such period shall be deemed to be employment; but if the services performed during more than one-half of any such pay period by an employee for the person employing him do not constitute employment, then

none of the services of such employee for such period shall be deemed to be employment. As used in this subsection, the term "pay period" means a period (of not more than 31 consecutive days) for which a payment of remuneration is ordinarily made to the employee by the person employing him. This subsection shall not be applicable with respect to services performed in a pay period by an employee for the person employing him, where any of such service is excepted by subsection (c)(9).

Surely, this shows that Congress has provided for taxability to be determined on an employee by employee basis.

Judgment will be awarded to Plaintiff for the $204, interest and costs.